JOSEPH CAPOLINO, Trustee of F. ROMEO & Co., INC., Bankrupt, Respondent, *v.* BANK OF SICILY TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May 13, 1937.

*Hardin, Hess & Eder* [*Walter M. Hinkle* of counsel], for the appellant.

*Edwin M. Laitman* [*Irving Benimowitz* of counsel], for the respondent.

PER CURIAM. Action by a trustee in bankruptcy to recover $100 obtained by defendant bank, the proceeds of a check deposited by the bankrupt some days before bankruptcy but collected after the petition was filed. The trustee claims that under such circumstances the defendant collected the moneys for the benefit of the bankrupt's estate.

The defendant asserts the right to hold the moneys and apply same on a large indebtedness due from the bankrupt to it under an agreement signed more than four months before the bankruptcy granting a lien to the bank on all property of the depositor coming into its possession and on the balance in the depositor's account.

As the check is " property " the bank would appear to have a lien thereon from the time of its deposit. This lien is validated by the Bankruptcy Act (U. S. Code, tit. 11, § 107, subd. [d]), which provides for upholding the following liens: " (d) Liens given or accepted in good faith and not in contemplation of or in fraud upon the provisions of this title and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by anything herein."

Although the check was collected after the filing of a petition in bankruptcy the bank would have the right to apply the proceeds upon its indebtedness. (*Matter of Farnsworth*, 8 Fed. Cas. p. 1056, No. 4673.) In collecting the check the bank was acting in its own behalf at least to the extent of enforcing its lien.

The express or implied lien of a bank on the property and funds of its depositor is recognized to prevail against a trustee in bankruptcy when given in good faith, at least to the extent of the present consideration. (*Joyce* v. *Auten*, 179 U. S. 591; *Reynes* v. *Dumont*, 130 id. 354; *Kane* v. *First Nat. Bank of El Paso*, 56 F. [2d] 534.) Here the lien was granted by an express agreement entered into more than four months before the bankruptcy and apparently for a then present consideration. This consideration (the extension of credit) continued down to the time the check came into the bank's possession as after-acquired property.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur. Present — LEVY, HAMMER and CALLAHAN, JJ.